O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ANTHONY CAVINESS,<br><br>          Petitioner,<br><br>    vs.<br><br>RANDY GROUNDS, Warden,<br><br>          Respondent. | CASE NO. CV 12-6137 DOC (RZ)<br><br>ORDER SUMMARILY DISMISSING HABEAS PETITION |

      Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Because Petitioner challenges a prior conviction, rather than the conviction resulting in the prison sentence he now is serving, the Court will summarily dismiss the action pursuant to *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), as explained below.

      Petitioner is serving a lengthy prison sentence following a 1994 robbery conviction. But that is not the conviction he challenges here. Instead, he challenges his 1990 plea-bargained conviction for a prior robbery, based on which conviction, among other factors, his current sentence was enhanced. (Petitioner was sentenced to seven years

imprisonment for the 1990 conviction.)  Petitioner now asserts that, if the trial judge and prosecutor had properly notified him in 1990 that his plea-bargained conviction could be used to enhance a sentence on a later conviction, then he would not have accepted the plea bargain.  *See* Mem. ("Pet. For Writ of Mandate," appended to petition) at 2-4.

In *Lackawanna*, the Supreme Court generally disallowed habeas challenges to prior convictions used to enhance a criminal sentence.  That is precisely what Petitioner seeks to do here.  *Lackawanna* has a Sixth Amendment exception where the targeted prior conviction occurred after a failure to appoint counsel, 532 U.S. at 403-04, but Petitioner's critiques of his 1990 robbery convictions do not include any assertion of such a failure.  *Lackawanna* squarely bars relief.

For the foregoing reasons, the Court DISMISSES the action with prejudice.

DATED: July 25, 2012

_David O. Carter_
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE